NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN A. MOFFETT, PETITIONER, v. THOMAS A. EDISON, INCORPORATED, RESPONDENT.

Decided May 19, 1938.

For the petitioner, *Hyman Busch.*

For the respondent, *Mr. S. F. Larchar.*

This is an application of John A. Moffett, petitioner in the above entitled cause, praying for a commutation of $225 from

the rear end of his compensation award pursuant to the provisions of paragraph 21, subdivision B, of the Workmen's Compensation act.

\*     \*     \*     \*     \*     \*     \*

Petitioner testified that he is indebted at the present time to Drs. William Epstein and Harry B. Epstein in the sum of $225 for medical and surgical services rendered by the said doctors to his wife, Pearl L. Moffett. He further testified that the purpose of the commutation is to make payment to the doctors covering the above indebtedness.

Pearl L. Moffett, wife of the petitioner, testified that she had been in ill health for a period of three years prior to January, 1938, and that on January 12th, 1938, and again on January 18th, 1938, she was operated upon at the North Newark Hospital by Dr. William Epstein for a removal of a chronic appendix; repair of the cervics; repair of cystocele and rectocele; and removal of adhesions therein. At this operation Dr. Harry B. Epstein assisted. The witness further testified that since the operation she has been fully restored to health.

Dr. William Epstein appeared as a witness on behalf of the petitioner and testified that he performed the two operations as hereinbefore described and that they were urgent, and that the patient made an uneventful recovery. He further testified that his bill of $225 for his services has not been paid.

Dr. Harry B. Epstein also appearing as a witness on behalf of the petitioner testified to the effect that he assisted his son, Dr. William Epstein, in both operations. He also testified that his bill for assisting in the operation has been included in the $225 charge made by Dr. William Epstein.

With this testimony the petitioner rested, and at this stage of the proceedings I called Thomas J. Holwerda as a witness on behalf of the bureau. Mr. Holwerda testified that he had made an investigation of the present application and found that the purpose was to defray medical expenses incurred in the treatment of petitioner's wife. He further testified that in addition to the bill of $225 owing to Drs. William Epstein and Harry B. Epstein, there was an unpaid bill due to the

hospital. Mr. Holwerda, in submitting his recommendation, gave an emphatic disapproval on the ground that the purpose of such commutation was in direct violation of the provisions of paragraph 21, subdivision B, which section prohibits commutations for the purpose of satisfying a debt.

While the respondent produced no witnesses, it strenuously objected to the granting of this commutation on the ground that the purpose was not one permissible under the act.

Upon carefully considering all the evidence in this case, I am satisfied that the request must be denied on the ground that it lacks legal sufficiency of purpose. By referring to the language of the statute, a commutation may only be granted when it appears that the same would be for the best interest of the injured employe or would avoid an undue hardship to him. It further provides that no commutation shall be granted to satisfy a debt or to make payment to physicians, lawyers or other persons.

It is therefore on this 19th day of May, 1938, ordered that the petition for commutation herein be and the same is hereby dismissed.

JOHN J. STAHL,
*Deputy Commissioner.*